**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ZOLTAN LASZLO,** *et al.*, | ) | **CASE NO. 08 CV 2263** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **WAL-MART STORES EAST, LP,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon plaintiffs' Motion to Remand (Doc. 4). This case arises out of defendants' alleged negligence causing personal injury to plaintiffs. For the following reasons, plaintiffs' Motion to Remand is GRANTED.

### FACTS

Plaintiffs Zoltan Laszlo and his minor son Derek Charles Laszlo bring this suit against defendants Wal-Mart Stores East, LP ("Wal-Mart") and "John or Jane Doe", an employee of Wal-Mart (hereinafter, "John Doe"). Plaintiffs are residents of North Olmsted, Ohio.

Defendant Wal-Mart is a Delaware corporation with a principal place of business in Arkansas. The citizenship of John Doe is unknown.

Plaintiffs allege that John Doe acted negligently in pulling a "hand pallet jack loaded with planks of merchandise" down an aisle of the Wal-Mart store located at 24801 Brookpark Road in North Olmsted, Ohio. Plaintiff Zoltan was struck by the pallet causing his "foot to be pinned against the aisle." The "pinning of his foot caused Zoltan Laszlo to fall on top of his son, Derek Charles Laszlo, causing injury." Plaintiffs' Complaint specifically identifies damages of approximately $19,256 for medical expenses and lost wages. Plaintiffs further allege that they have been permanently injured and "may incur additional related expenses in the future." The Complaint seeks damages "in an amount in excess of Twenty-Five Thousand Dollars" for each plaintiff.

Plaintiffs' Complaint asserts two causes of action: (1) negligence for the injuries caused to Zoltan Laszlo; and (2) negligence for the injuries caused to Derek Charles Laszlo.

Defendants removed the action to this Court. Plaintiffs now move to remand. The motion is opposed. No reply brief was filed.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 496-97 (6th Cir. 1999) ("in a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory ..."). The determination of federal jurisdiction in a diversity case is made as of the time of removal. *Ahearn v. Charter Township of*

*Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Id.* at 453-54.  "The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party."  *Coyne*, 183 F.3d at 493 (internal quotations omitted).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Id.*

### DISCUSSION

Defendants removed this action on grounds of diversity of citizenship and amount in controversy.  Under 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."  Plaintiffs argue that "it is reasonable to assume that [defendant John Doe] is a resident of the State of Ohio."  However:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  *For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded*.

28 U.S.C. § 1441(a) (emphasis added).  Because the citizenship of defendant John Doe is to

3

be disregarded, remand is inappropriate on plaintiffs' first asserted ground.

Plaintiffs also argue that the amount in controversy does not exceed $75,000. Where a complaint seeks an "unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," it is defendants' burden to show by a preponderance of the evidence that the requirement is met. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). In other words, defendants must show it is more likely than not that the amount in controversy exceeds $75,000. *Id.*

Defendants rely on the fact that plaintiffs' Complaint alleges injuries that they "believe are permanent in nature." Plaintiffs' Complaint seeks recovery in unspecified amounts for these "additional related expenses in the future." Defendants also point out that plaintiffs declined to stipulate that the amount in controversy is less than $75,000.

Plaintiffs first argue that because defendants offered only $6,000 to settle this matter, the actual amount in controversy cannot exceed $75,000. The Court disagrees. *See Ewers v. Genuine Motor Cars, Inc.*, 2007 WL 4521496 (N.D. Ohio Dec. 17, 2007) (Gaughan, J.) ("the Court is not convinced that an offer to settle could ever establish the amount in controversy").

Plaintiffs also argue that their "minor injuries" cannot be worth more than $75,000.[1] Defendants disagree and urge this Court to analogize the facts of the present case to those in *Kusmich v. J.C. Penney Corp., Inc.*, 2005 WL 2233255 (N.D. Ohio Aug. 29, 2005) (Adams,

---

[1] The Court notes that plaintiffs' Complaint alleges that Zoltan Laszlo has incurred $12,748.47 in medical expenses. The Motion to Remand states that these expenses total only $6,719.67. Zoltan's lost wages total $6,028.80. It appears that the medical expenses alleged in the Complaint may be the sum of medical costs and lost wages. Minor plaintiff Derek's medical expenses total $479.11.

4

J.).  In *Kusmich*, plaintiff alleged he was permanently injured by defendant's negligence when he slipped and fell at defendant's store.  He alleged that he underwent surgery for a torn rotator cuff.  He also suffered permanent numbness and pain, tendinitis in his bicep, impingement, and aggravation of a preexisting arthritic condition.  The plaintiff also alleged that he suffered "shock" to his physical and nervous system and would "in all likelihood" incur additional medical expenses in the future.  He finally alleged that his "ability to live and work free from pain, discomfort, disability, and restriction [had] been permanently impaired."  The complaint alleged damages in excess of $25,000.  The *Kusmich* court found that the amount in controversy requirement was met.

The Court finds that *Kusmich* is not sufficiently analogous.  The plaintiff's injuries in *Kusmich* were much more severe than those suffered by plaintiffs in the present case.  Here, plaintiff Zoltan alleges "injuries to his left foot and ankle, back, and neck, pain and limitation of motion."  His medical expenses total approximately $6,000 to date.  Plaintiff Derek alleges "injuries, pain and limitation of motion."  His medical costs total less than $500.  "All doubts as to the propriety of removal are resolved in favor of remand."  *Coyne*, 183 F.3d at 493.  It was defendants' burden to show by a preponderance of the evidence that this Court has jurisdiction.  *Gafford*, 997 F.2d at 158.  Defendants have failed to do so.

**CONCLUSION**

For the foregoing reasons, plaintiffs' Motion to Remand is GRANTED.

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan  
                                         PATRICIA A. GAUGHAN  
Dated:  11/13/08            United States District Judge